JEFF DOMINIC PRICE, Esq.
Attorney at Law    SBN 165534
1335 4th Street
Santa Monica, California 90401
TEL   310.776.8650
FAX   310.728.1705
jeff.price@mac.com

Attorney for Defendant Edi Pineda Rivas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:07-CR-1172-DDP-16 |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS |
| vs. | |
| SERGIO PANTOJA et al., | PLACE:   Courtroom 3<br>DATE:    October 26, 2009<br>TIME:    3:00 p.m. |
| Defendants. | |
| | TRIAL DATE: February 2, 2010 |

TO:   The Clerk of the Above-Entitled Court and to the plaintiff, the United States of America, and its Attorneys of Record:

PLEASE TAKE NOTICE that on October 26, 2009, at 3:00 p.m., or as soon as counsel may be heard, in the courtroom of the Honorable Dean D. Pregerson, United States District Judge, 312 N. Spring Street, Los Angeles, California, Defendant Edi Pineda Rivas, by and through his attorney of record, Jeff Price, will request of this Court an order directing the government to provide a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) ["Rule 7(f)"].

The Ninth Circuit Court of Appeals has made clear that an indictment must, at the very least, provide sufficient specific information to allow a defendant to prepare his defense, plead jeopardy in a later prosecution, and ascertain what facts were presented to the grand jury. It must also inform the Court of the facts alleged,

so that the Court can determine the sufficiency of the charge. The indictment in this case fulfills none of these functions. A bill of particulars is therefore warranted, and Mr. Rivas respectfully requests that this Court order the government to provide such a bill forthwith.

This motion is made pursuant to pursuant to Rule 7(f), Federal Rules of Criminal Procedure, and is based on the accompanying Memorandum of Points and Authorities, the Fifth, Sixth, and Eighth Amendments to the United States Constitution, all other applicable constitutional, case and statutory law, all pleadings and memoranda previously filed in this case, and any argument adduced at the hearing on October 26, 2009.

Respectfully submitted,

Dated: October 5th, 2009        //**S**//
                                JEFF DOMINIC PRICE
                                Attorney for Defendant Edi Pineda Rivas

MEMORANDUM OF POINTS AND AUTHORITIES

I. **Statement of the Case**

The Second Superceding Indictment [SSI], filed on May 28, 2009, includes 31 counts. In Count One of the SSI, thirty-nine defendants are charged with participation in a RICO conspiracy, consisting of at least 236 racketeering acts. The SSI (correctly) does not allege that Mr. Rivas is a member of the "CLCS Organization" racketeering enterprise. SSI p. 4, ¶ 1. Mr. Rivas is not charged in Count One. Nor is Mr. Rivas charged in any of the other 30 counts in the SSI, save Count Two.

Count Two of the SSI charges Mr. Rivas and twenty other defendants with participation in a narcotics conspiracy consisting of at least 96 overt acts spanning a period of 18 months and involving other, alleged unindicted coconspirators. Mr. Rivas is named as a participant[1] in only two (2) of the ninety-six (96) overt acts.

Specifically, the SSI alleges:

> "(95) On June 6, 2007, defendants DIAZ, GONZALES and RIVAS possessed and distributed crack cocaine in CLCS Organization territory;
> (96) On June 8, 2007, defendants DIAZ and RIVAS possessed and distributed crack cocaine in CLCS Organization territory."

SSI p. 72.

The SSI also includes numerous Violent Crime in Aid of Racketeering counts in addition to money laudering counts, each of which contain a set of overt acts. The government has filed or has signaled its intent to file notices of intent to seek the death penalty against several defendants who made initial appearances in the case since the filing of the SSI.

The government has provided disclosures over a period of more than two years, from September 2007 through October 2009. The defense has carefully

---

[1] Mr. Rivas is mentioned as an object of the actions of other persons in approximately 5 other overt acts.

3 -   NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS

reviewed the Indictment, the disclosures, and the plea agreements of his co-defendants to become apprised of the charges against Mr. Rivas. The disclosures made to date do not obviate the requirement of the filing of a bill of particulars in this case.

II. **Argument**

   A. **Standards for the Bill of Particulars**

The sixth amendment to the United States Constitution guarantees that a criminal defendant shall "be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI. In turn, the fifth amendment ensures that no one "shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

Interpreting these provisions, the Supreme Court has stressed that due process requires notice of the charges and a reasonable opportunity to defend or explain. *Powell v. Alabama,* 287 U.S. 45, 59, 69-73, 53 S.Ct. 55 (1932); *see also In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499 (1948). This notice is generally given through an indictment, which must permit the defendant to prepare his defense, ensure that he is prosecuted only on the basis of facts presented to the grand jury, enable him to plead jeopardy against a later prosecution, and inform the court of the facts alleged to that it can determine the sufficiency of the charge. *United States v. Cecil,* 608 F.2d 1294, 1296 (9th Cir. 1979). If the indictment is lacking, a court should order the government to file a bill of particulars elaborating on the charges. *See* Fed. R. Crim. P. 7(f) (codifying court's discretion to order filing of bill); *United States v. Addonizio,* 451 F.2d 49, 63-64 (3d Cir. 1971). Doubts should be resolved in favor of granting the bill. *See United States v. Tanner,* 279 F.Supp. 457, 474 (N.D. Ill. 1967).

A bill's principal purposes are "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to

plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Ayers,* 924 F.2d 1468, 1483 (9th Cir. 1991) (*quoting United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir. 1979); *see also United States v. Inryco, Inc.,* 642 F.2d 290, 295 (9th Cir. 1981); *United States v. Gypsum Co.,* 37 F.Supp. 398, 402 (D.D.C. 1941). When necessary for these purposes, the defendant is entitled to the bill "as of right," even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature." *United States v. Gypsum,* 37 F.Supp. at 403.

Decision on a motion for a bill of particular is left to the trial court's sound discretion. *Tai v. United States,* 273 U.S. 77, 82, 47 S.Ct. 300 (1927). In evaluating a motion for a bill of particulars, the trial court must determine whether the information sought is provided elsewhere, such as in the indictment or pretrial discovery. *United States v. Bin Laden,* 92 F.Supp.2d 225, 234 (S.D.N.Y. 2000). The government cannot, however, point to a large quantity of discovery to escape its obligations under Rule 7(f). *Id.; see also United States v. Bortnovsky,* 820 F.2d 572, 575 (2nd Cir. 1987) ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel . . ."). Moreover, where the indictment on its face fails to provide the defendant with sufficient detail to adequately defend against the charges and plead double jeopardy, it is of no consequence that the requested information would require disclosure of evidence or the theory of prosecution. *See United States v. Barnes,* 158 F.3d 662, 665 (6th Cir. 1998); *United States v. Davidoff,* 845 F.2d 1151, 1154 (2nd Cir. 1988) ("Though we agree with the Government that, even in a RICO case, it is not obliged to disclose before trial all of its evidence, we believe the trial judge exceeded his discretion in this RICO prosecution by denying a bill of particulars identifying at least the victims of discrete extortionate schemes that the prosecution intended to prove.").

## B. A Bill of Particulars is Necessary to Provide Notice About the Charged Conspiracy

Particularly in a conspiracy case, a bill of particulars is an appropriate means of informing an individual defendant about the charged conspiracy or scheme. Proper information includes specific details not only about each element of the alleged offense, *see Tanner,* 279 F.Supp. at 476, as well as the defendant's alleged involvement, *see United States v. Lopez,* 26 F.R.D. 174, 175-76 (S.D.N.Y. 1960), but also about all overt acts in furtherance of the conspiracy or composing the scheme, whether or not set forth in the indictment, upon which the government intends to rely at trial. *See United States v. Hubbard,* 474 F.Supp. 64, 81 (D.D.C. 1979). The defendant thus is entitled to information about the substance of each overt act as well as the identities of potential witnesses or alleged participants, whether or not named in the indictment. *See, e.g., Will v. United States,* 389 U.S. 90, 99 (1967); *United States v. Barrentine,* 591 F.2d 1069, 1077 (5th Cir. 1979); *United States v. Rogers,* 617 F. Supp. 1024, 1028-29 (D. Colo. 1985); *United States v. Rosenstein,* 303 F. Supp 210, 213 (S.D.N.Y. 1969); *United States v. Smith,* 16 F.R.D. 372, 374-75 (W.D. Mo. 1954); *Will v. United States,* 389 U.S. 90, 99, 88 S.Ct. 269 (1967) (noting defendant's right to names of potential witnesses where "necessary or useful in the defendant's preparation for trial"); *United States v. Rogers,* 617 F.Supp. 1024, 1028-29 (D. Colo. 1985) (holding in conspiracy case that "government must reveal the substance, time, place, and date of each overt act as well as the identities of the participants in those acts"); *United States v. Rosenstein,* 303 F.Supp 210, 213 (S.D.N.Y. 1969); *Smith,* 16 F.R.D. at 374-75.[2]

---

[2] A defendant is also entitled to know the theory under which the government has named him in any count. *Yeargain v. United States,* 314 F.2d 881, 882 (9th Cir. 1963). Indeed, provision of information needed for proper defense preparation is appropriate even if it would disclose details about government witnesses. *United States v. Addonizio,* 451 F.2d 49, 64 n.16 (3d Cir. 1971); *United States v. Crisona,* 271 F. Supp. 150, 156 (S.D.N.Y. 1967). Nor may a request for a bill of particulars be denied on the assertion that the defendant knows his own involvement in a case; such a ruling would countermand the constitutional presumption that a defendant is

In *United States v. Cecil,* 608 F.2d 1294 (9th Cir. 1979), the indictment alleged only that:

> "Beginning on or before July 1975, and continuing thereafter until on or after October 1975, within the District of Arizona and elsewhere, the named defendants conspired to commit offenses in violation of Title 21, United States Code Section 952(a) and 960(a)(1). It was the object of said conspiracy that large quantities of marihuana, a schedule I controlled substance, would be imported into the United States of America from Mexico by one or more of the co-conspirators"

*Cecil,* 608 F.2d at 1295. The Ninth Circuit Court of Appeals in *Cecil* held that the indictment failed to give adequate notice of the charges because it did nothing more than parrot the statutory language and "fail[ed] to state any other facts or circumstances pertaining to the conspiracy or any overt acts done in furtherance thereof[.]" *Cecil,* 608 F.2d at 1296-97. Thus, it "fail [ed] to allege sufficient facts to facilitate the proper preparation of a defense and to ensure that the defendants were prosecuted on facts presented to the Grand Jury." *Cecil,* 608 F.2d at 1296-97.

Here, as in *Cecil,* the indictment parrots the language of the statute and fails to fulfill the basic function of an indictment. Mr. Rivas does not have notice of when, where, or how an agreement to conspire was allegedly made, what acts (if any) were taken to further the conspiracy, or his alleged role in the conspiracy. The SSI names Mr. Rivas as a participant in only two of 96 alleged overt acts. Under these circumstances, Mr. Rivas has no effective notice of the charges against him and cannot defend himself as the Constitution envisions.

III.   **Conclusion**

Just as in *Cecil,* the indictment in this case suffers from a "glaring lack of factual particularity" which must be remedied. *Cecil,* 608 F.2d at 1297. Mr. Rivas

---

innocent of any charge until the government proves guilt beyond a reasonable doubt. *See United States v. Manetti,* 323 F. Supp. 683, 695-96 (D. Del. 1971); *Tanner,* 279 F. Supp. at 474 n.12.

therefore respectfully requests this Court to order the government to:

1. File a bill of particulars in connection with Count Two detailing all overt acts taken in support of the alleged conspiracy, the participants in each of the overt acts, including, whether the actor was a principal or an aider and abettor, describing when the conspiracy was formed, what the objects of the conspiracy were, and the details of the Government's theory regarding the aforementioned; and

2. File a bill of particulars in connection with Count Two that (a) lists each and every overt act knowingly participated in by Edi Pineda Rivas that the government claims are evidence of the alleged conspiracy, including any alleged agreements made by Edi Pineda Rivas in furtherance of the alleged conspiracy, (b) lists each and every overt act that the government claims Mr. Rivas had knowledge of, and (c) sets forth the means and manner by which Mr. Rivas constributed to the acts identified in response to subparagraphs (a) and (b).

Dated: October  5th , 2009        Respectfully Submitted,

                                   //**S**//
                                   _____
                                   JEFF DOMINIC PRICE  SBN 165534
                                   Attorney for Defendant Edi Pineda Rivas