1  GEORGE S. CARDONA
   Acting United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN M. LALLY (Cal. State Bar No. 226402)
4  BRIAN R. MICHAEL (Cal. State Bar No. 240560)
   NILI T. MOGHADDAM (Cal. State Bar No. 226636)
5  Assistant United States Attorneys
   Violent & Organized Crime Section
6       1500 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-2170/0340/6520
8       Facsimile: (213) 894-3713
        Email:   kevin.lally@usdoj.gov
9                brian.michael@usdoj.gov
                 nili.moghaddam@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,    )   No. CR 07-1172(B)-DDP
                                )
15              Plaintiff,      )
                                )
16                              )   GOVERNMENT'S OPPOSITION TO
                                )   MOTION FOR BILL OF PARTICULARS
17              v.              )   BY DEFENDANT EDI PINEDA RIVAS;
                                )   MEMORANDUM OF POINTS AND
                                )   AUTHORITIES
18 SERGIO PANTOJA, et al.,"     )
                                )
19              Defendants.     )
                                )
20                              )
                                )
21 _____ )

22      The United States of America, by and through its counsel of

23 record, Assistant United States Attorneys Kevin M. Lally, Brian

24 R. Michael and Nili T. Moghaddam, hereby files its opposition to

25 the motion of defendant Edi Pineda Rivas for a bill of

26 particulars.  This opposition is based on the files and records

27 //

28

in this case and the attached Memorandum of Points and
Authorities.


DATED: November 13, 2009          Respectfully submitted,

                                  GEORGE S. CARDONA
                                  Acting United States Attorney

                                  CHRISTINE C. EWELL
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  _____
                                  KEVIN M. LALLY
                                  BRIAN R. MICHAEL
                                  NILI T. MOGHADDAM
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

2

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . 1

I.    INTRODUCTION . . . . . . . . . . . . . . . . 1

II.   STATUS OF DISCOVERY . . . . . . . . . . . . . . 3

III.  ARGUMENT . . . . . . . . . . . . . . . . . . 3

      A.    THE COURT SHOULD DENY DEFENDANT'S MOTION
            AS UNTIMELY . . . . . . . . . . . . . . . 8

      B.    A BILL OF PARTICULARS IS NOT REQUIRED IN
            THE PRESENT CASE WHERE THE INDICTMENT IS
            SUFFICIENTLY SPECIFIC AND DEFENDANT HAS
            BEEN PROVIDED WITH FULL DISCOVERY . . . . . . . . 10

            1.    Applicable Law . . . . . . . . . . . . . 10

            2.    Defendant Is Not Entitled To A Bill
                  of Particulars . . . . . . . . . . . . . 16

III.  CONCLUSION . . . . . . . . . . . . . . . . . 19

i

1

TABLE OF AUTHORITIES

2

PAGE(S)

3  FEDERAL CASES:

4  Cooper v. United States,
      282 F.2d 527 (9th Cir. 1960)  . . . . . . . . . . . . .  11
5
   Fredrick v. United States,
6      163 F.2d 536 (9th Cir. 1947)  . . . . . . . . . . . .  12

7  Morgan v. United States,
      380 F.2d 686 (9th Cir. 1967)  . . . . . . . . . . . .  12
8
   Nye & Nissen v. United States,
9      168 F.2d 846 (9th Cir. 1948),
       aff'd on other grounds,
10     336 U.S. 613 (1949) . . . . . . . . . . . . . . . . .  13

11 Rubio v. United States,
      22 F.2d 766 (9th Cir. 1927) . . . . . . . . . . . . .  15
12
   Todorow v. United States,
13     173 F.2d 439 (9th Cir. 1949)  . . . . . . . . . . . .  13

14 United States v. Anderson,
      799 F.2d 1438 (11th Cir. 1986)  . . . . . . . . . . .  15
15
   United States v. Ayers,
16     924 F.2d 1468 (9th Cir. 1991) . . . . . . . . . .  10, 11

17 United States v. Bales,
      813 F.2d 1289 (4th Cir. 1987) . . . . . . . . . . . .  9
18
   United States v. Bryson,
19     16 F.R.D. 431 (N.D. Cal. 1954)  . . . . . . . . . . .  12

20 United States v. Buckner,
      610 F.2d 570 (9th Cir. 1979)  . . . . . . . . . . . .  11
21
   United States v. Burgin,
22     621 F.2d 1352 (5th Cir. 1980) . . . . . . . . . . .  8

23 United States v. Butler,
      822 F.2d 1191 (D.C. Cir. 1987)  . . . . . . . . . . .  15
24
   United States v. Calabrese,
25     825 F.2d 1342 (9th Cir. 1987) . . . . . . . . . . . .  15

26 United States v. Clay,
      476 F.2d 1211 (9th Cir. 1973) . . . . . . . . . . . .  11
27

28

1

TABLE OF AUTHORITIES (CONT'D)

2

PAGE(S)

3

FEDERAL CASES:

4

United States v. DiCesare,
    765 F.2d 890 (9th Cir. 1985) . . . . . . . . . . . . 14, 18

5

United States v. Drebin,
6    557 F.2d 1316 (9th Cir. 1977) . . . . . . . . . . . 11

7

United States v. Dreitzler,
    577 F.2d 539 (9th Cir. 1987) . . . . . . . . . . . . 11

8

United States v. Federbush,
9    625 F.2d 246 (9th Cir. 1980) . . . . . . . . . . . . 11

10

United States v. Giese,
    597 F.2d 1170 (9th Cir. 1979) . . . . . . . . . . . passim

11

United States v. Jimenez,
12    824 F. Supp. 351 (S.D.N.Y. 1993) . . . . . . . . . 14

13

United States v. Johnson,
    504 F.2d 622 (7th Cir. 1974) . . . . . . . . . . . . 16

14

United States v. Kilrain,
15    566 F.2d 979 (5th Cir. 1978) . . . . . . . . . . . . 12

16

United States v. Lewis Food Co.,
    236 F. Supp. 849 (S.D. Cal. 1964) . . . . . . . . . 16

17

United States v. Long,
18    706 F.2d 1044 (9th Cir. 1983) . . . . . . . . . . . 11

19

United States v. McKay,
    70 F. Supp.2d 208 (E.D.N.Y. 1999) . . . . . . . . . 9

20

United States v. Murray,
21    297 F.2d 812 (2d Cir. 1962) . . . . . . . . . . . . 16

22

United States v. Ojeikere,
    299 F. Supp.2d 254 (S.D.N.Y. 2004) . . . . . . . . 16

23

United States v. Pena,
24    542 F.2d 292 (5th Cir. 1976) . . . . . . . . . . . . 15

25

United States v. Pottorf,
    769 F. Supp. 1176 (D. Kan. 1991) . . . . . . . . . 12

26

United States v. Pyke,
27    271 F. Supp.2d 3599 (S.D.N.Y. 1967) . . . . . . . . 9

28

iii

TABLE OF AUTHORITIES (CONT'D)

PAGE(S)

FEDERAL CASES:

United States v. Robertson,
  15 F.3d 862 (9th Cir. 1994),
  rev'd on other grounds by
  514 U.S. 669 (1995) . . . . . . . . . . . . .  10, 11

United States v. Rosenthal,
  793 F.2d 1214 (11th Cir. 1986)  . . . . . . . . . .  15

United States v. Ryland,
  806 F.2d 941 (9th Cir. 1986)  . . . . . . . . . .  13

United States v. Wilson,
  565 F. Supp. 1416 (S.D.N.Y. 1983),
  overruled on other grounds,
  United States v. Reed,
  773 F.2d 477 (2d Cir. 1985) . . . . . . . . . . .  12

United States v. Young & Rubicam, Inc.,
  741 F. Supp. 334 (D. Conn. 1990)  . . . . . . . . .  16

Wilkins v. United States,
  376 F.2d 552 (5th Cir. 1967)  . . . . . . . . .  12, 13

Wong Tai v. United States,
  273 U.S. 77 (1927)  . . . . . . . . . . . .  14, 18

Yeargain v. United States,
  314 F.2d 881 (9th Cir. 1963)  . . . . . . . . .  13

FEDERAL RULES OF CRIMINAL PROCEDURE:

Rule 7(f) . . . . . . . . . . . . . . . . . . .  passim

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The initial Indictment in this matter was unsealed on October 31, 2007.  (CR 1, 87).  The Indictment charged 18 individuals, including defendant Edi Pineda Rivas ("defendant"), with participating in a narcotics trafficking conspiracy, in violation of Title 21, United States Code, Section 846.[1] Notably, the conspiracy charge, which constituted count one of the Indictment, was set-forth over 28 pages and included a one-page description of the object of the conspiracy, a three-page description of the respective roles of each of the 18 defendants,[2] a four-page description of the means and methods by which the conspiracy achieved its objectives,[3] and, while no overt acts need to be charged or proved in a section 846 prosecution, a 20-page description identifying 158 overt acts committed by participants to the conspiracy, including a dozen overt acts (45, 67, 68-70, 72-73, 135-36, 138, 157-58) expressly addressing defendant's interactions with, and involvement in, the drug trafficking conspiracy.

The First Superseding Indictment, which added a previously

---

[1]    The Indictment also charged seven counts of narcotics distribution.  Defendant was not charged in any of these counts. (CR 1).

[2]    Defendant is expressly identified as a narcotics street dealer who regularly paid "rent" to leaders within the drug trafficking operation in return for "authorization" to sell drugs in the organization's territory and the right to buy drugs to sell in this territory from the organization's drug suppliers, two of whom were expressly named in the Indictment.  (CR 1).

[3]    Eight of the fourteen paragraphs in the means and methods section (3-5, 7-9, 12-13) address defendant's role within the charged drug trafficking conspiracy.  (CR 1).

1  uncharged defendant but which otherwise was substantively similar

2  to the initial Indictment, was filed on November 15, 2007.  (CR

3  94).  Defendant, who had been a fugitive when both the Indictment

4  and the First Superseding Indictment were unsealed, was

5  eventually taken into custody and arraigned on the First

6  Superseding Indictment on January 22, 2008.  (CR 200).

7      A Second Superseding Indictment, which added numerous new

8  defendants and charges but which did not add any new charges

9  against defendant or materially alter the section 846 count with

10 which defendant was charged, was filed on May 28, 2009.[4]  (CR

11 343).  Defendant was arraigned on the Second Superseding

12 Indictment on July 6, 2009.  Trial is currently scheduled to

13 commence on February 2, 2010.[5]

14      Approximately 21 months after initially being arraigned on

15 the section 846 charge in this case, defendant has brought a

16 motion requesting that the Court issue a bill of particulars as

17

18

19 _____

   [4]    The Second Superseding Indictment added a racketeering
20 conspiracy charge as count one, which resulted in the section 846
   count in which defendant is charged being shifted to count two.
21 The allegations in the section 846 count remained substantively
   unchanged as to defendant, although the numbering of the overt
22 acts changed to accommodate the fact that approximately one-third
   of the overt acts previously alleged in the section 846 count,
23 including several involving defendant, were also alleged as
   racketeering acts against those co-defendants who, unlike
24 defendant, were charged in both the racketeering and narcotics
   conspiracy counts.  These overt acts were then incorporated by
25 reference, and thus made applicable to defendant, in the
   introductory section of the section 846 count.

26
   [5]    The government anticipates that, in light of the
27 filing of the Second Superseding Indictment and the extensive
   volume of additional discovery that has been produced since then,
28 the parties will be seeking a continuance of the trial date in
   the near future.

                                   2

to this count.[6]  (CR 583).  Defendant's motion should be denied
as it is meritless.  As a preliminary matter, defendant's motion
is untimely.  In addition, a fair reading of the Second
Superseding Indictment and an analysis of the relevant case law
make clear that defendant is not entitled to a bill of
particulars.  Specifically, the Second Superseding Indictment
provides a highly detailed description of both the narcotics
trafficking conspiracy and defendant's involvement within the
conspiracy.  Moreover, the government has supplemented the notice
provided by this count with extensive discovery.  Given that
defendant is represented by experienced counsel, defendant
unquestionably should have a proper understanding of the charge
against him and, likewise, unquestionably should be able to
adequately prepare for trial.  In reality, defendant is seeking a
point-by-point preview of the government's case against him - the
very type of request that the Ninth Circuit repeatedly has found
falls well outside the permissible use of a bill of particulars
under Federal Rule of Criminal Procedure 7(f).    Thus,
defendant's motion for a bill of particulars should be denied.

                                II.

                       STATUS OF DISCOVERY

     To date, the government has produced voluminous discovery in
this case.  Specifically, on January 29, 2008, the government
produced the following initial discovery materials:

     1)    A set of six (6) CDs containing: (a) recordings of all

---

     [6]    As noted above, the section 846 charge was not
materially altered from the First Superseding Indictment on which
defendant initially was arraigned.

3

conversations intercepted pursuant to court-ordered
wiretap authorization, and (b) copies of line sheets
pertaining to all intercepted calls;

2)   Three (3) binders of printed line sheets for pertinent
intercepted calls;

3)   Copies of six (6) wiretap applications, along with
related court orders and progress reports;

4)   Copies of two (2) federal search warrants, and the
underlying affidavits, executed on October 24, 2007;

5)   A binder containing copies of items seized during the
execution of the two (2) federal search warrants on
October 24, 2007;

6)   A binder containing copies of items seized during the
execution of two (2) state search warrants on June 14,
2006 and February 6, 2007;

7)   A set of ten (10) tape cassettes containing recordings
of consensually monitored telephone calls;

8)   Copies of numerous FBI 302 reports pertaining to the
investigation;

9)   Copies of FBI FD-192 forms documenting certain evidence
recovered during the course of the investigation;

10)  Copies of LAPD reports gathered during the course of,
and pertaining to, the investigation;

11)  Copies of DEA and LAPD lab reports; and

12)  A set of two volumes of draft English to Spanish
transcripts of intercepted conversations and consensual
recordings.

4

1  Along with this initial production, the government also made

2  available for inspection copies of multiple pen register/trap and

3  trace/cell site applications and orders, and related data.

4      Subsequently, on June 26, 2008, the government produced the

5  following discovery:

6      1)    Documents, including the following:

7          a)    LAPD lab reports;

8          b)    LAPD reports and state search warrants;

9          c)    Copies of (i) surveillance photographs taken

10              during the course of the investigation; and (ii)

11              photographs taken during an October 24, 2007

12              search of co-defendant Villeda's residence; and

13         d)    DMV information and Criminal History reports.

14     2)    A set of 32 CDs containing digital photographs of the

15         following:

16         a)    Drug evidence recovered during three controlled

17              purchases from co-defendant Pantoja (3 CDs);

18         b)    Drug evidence recovered during two controlled

19              purchases from co-defendant Villeda (2 CDs);

20         c)    The October 24, 2007 search of co-defendant E.

21              Hernandez's residence (3 CDs); and

22         d)    Surveillance photographs of multiple locations and

23              defendants taken during the course of the

24              investigation on various dates ranging from

25              October 4, 2006 through June 8, 2007 (27 CDs).

26     3)    A set of 41 CDs containing audio and video recordings

27         captured during the course of the investigation (a

28

1          spreadsheet was included which provided the date, media
2          type and a brief synopsis for each CD).
3    With this production, the government also made available for
4    inspection copies of telephone records and related
5    information/data gathered during the course of the investigation,
6    as well as booking photos for the in-custody defendants.
7          Following the filing and unsealing of the Second Superseding
8    Indictment, the government has produced, in six subsequent
9    productions, the following additional discovery:
10      1)   The LAPD "Murder Book" pertaining to the July 2001
11           murder of J.B., alleged in the Second Superseding
12           Indictment;
13      2)   The LAPD "Murder Book" for the September 2007 murder of
14           L.A.G., alleged in the Second Superseding Indictment;
15      3)   123 CDs/DVDs containing LAPD audio and/or video
16           recordings of the following:
17           a.   Jail calls & overhears (6 CDs/DVDs);
18           b.   Suspect interviews (39 CD/DVDs);
19           c.   Victim interviews (7 CDs/DVDs);
20           d.   State wire calls & transcripts (4 CDs/DvDs); and
21           e.   Witness interviews (67 CDs/DVDs);
22      4)   7 CDs/DVDs containing FBI audio and/or video recordings
23           of interviews of defendants Gonzalez, Wooten, Eduardo
24           Hernandez, and Vladimir Iraheta;
25      5)   Documents and other items recovered from defendant
26           Gonzalez's residence;
27      6)   Documents and other items recovered from the prison
28

                                    6

cell of Frank Martinez, aka "Puppet," located at the
federal "Supermax" prison facility in Florence,
Colorado;

7)   DMV information and criminal history records for the
new defendants;

8)   Background information, police reports and other
documents regarding various individuals, including the
following defendants: Eduardo Hernandez, Luisa Navarro,
Agripino Mateo, Leonardo Melgarejo, Leonidas Iraheta,
Vladimir Iraheta, Gonzalez, Alas, Estrada, Serrano, and
Ramirez;

9)   144 CDs/DVDs containing LAPD audio and/or video
recordings of the following:

   a.   Jail calls: 38 CDs/DVDs containing LAPD audio
        recordings of outgoing jail calls made by inmates
        housed at the Los Angeles County Jail and Wayside
        Facility from in or about October 2007 until in or
        about May 2008.  The scope of the retrieved calls
        was limited to outgoing calls made by inmates to
        several telephone numbers identified by the LAPD
        during its L.A.G. murder investigation.  Several
        of the calls on these CDs/DVDs involve defendants
        in this case, as well as other individuals;

   b.   Surveillance videos: 106 CDs/DVDs containing LAPD
        video recordings of surveillance videos obtained
        by the LAPD from businesses in the vicinity of the
        L.A.G. shooting scene and from a hospital during

7

1        the LAPD's L.A.G. murder investigation;

2   10)    LAPD summaries of some of the jail calls referred to

3          above (and for which the CDs/DVDs were produced); and

4   11)    FBI 302s relating to newly charged defendants and/or

5          investigation conducted since the time of the initial

6          Indictment.

7   The government continues to produce discovery on a rolling

8   basis.  To date, the government has produced more than 8,800

9   pages of discovery and several hundred video/audio recordings.

10  The government also has provided access to items of evidence

11  within its exclusive possession.  Combined, this includes

12  virtually all discovery related to the section 846 count in which

13  defendant is charged.[7]

14                              III.

15                            ARGUMENT

16  A.   THE COURT SHOULD DENY DEFENDANT'S MOTION AS UNTIMELY

17       Rule 7(f) of the Federal Rules of Criminal Procedure

18  provides:

19       The court may direct the government to file a bill of
         particulars.  The defendant may move for a bill of
20       particulars before or within 10 days after arraignment or
         at a later time if the court permits.  The government may
21       amend a bill of particulars subject to such conditions as
         justice requires.
22

23  Under Rule 7(f), "[a] defendant possesses no right to a bill of

24  particulars."  United States v. Burgin, 621 F.2d 1352, 1358 (5th

25  _____

26       [7]    The only category of discovery that is being held by
    the government for later production as related to this charge is
27  Jencks Act material of potential cooperating defendants and/or
    cooperating defendants/witnesses.
28

                                8

Cir. 1980); see also United States v. Bales, 813 F.2d 1289, 1294
(4th Cir. 1987) ("Under Fed.R.Crim.P. 7(f), the court may direct
the filing of a bill of particulars.  The defendant, however, has
no unconditional right to such a bill.") (internal quotation
marks omitted).

The plain wording of Rule 7(f) requires a defendant to file
a motion for a bill of particulars "before or within 10 days
after arraignment."  Defendant plainly did not do so in this
case.  Instead, defendant waited approximately 20 months after
his initial arraignment and approximately 3 months after his
arraignment on the First Superseding Indictment before bringing
the present motion.  Moreover, while Rule 7(f) also permits the
filing of such a motion "at a later time as the court may
permit," defendant has cited no reason why this Court should
allow him to file his motion more than 20 months after it
initially was due to be filed under Rule 7(f).  See United States
v. McKay, 70 F. Supp.2d 208, 211 (E.D.N.Y. 1999) ("Since McKay
has offered no factual circumstances to indicate good cause for
extending the 10-day limit of Rule 7(f), McKay's motion is denied
as untimely."); United States v. Pyke, 271 F. Supp. 359, 359
(S.D.N.Y. 1967) (rejecting a bill of particulars filed outside
the ten-day period, in part, because it was filed "[w]ithout
requesting such permission of the Court of offering any reasons
why such permission should be granted").  Within the time
permitted by Rule 7(f), defendant had more than adequate time to
review the charge against him and to determine if additional
information in support of the charge was legally warranted.  For

9

1   more than 20 months - during which time the government

2   supplemented the information in support of the charge through

3   extensive discovery, defendant did not seek a bill of

4   particulars.  He has made no showing as to why he should now be

5   permitted to bring such a motion.  Thus, the government

6   respectfully submits that defendant's motion is untimely and

7   should be denied.

8   B.    A BILL OF PARTICULARS IS NOT REQUIRED IN THE PRESENT CASE AS
          THE INDICTMENT IS SUFFICIENTLY SPECIFIC AND DEFENDANT HAS
9         BEEN PROVIDED WITH FULL DISCOVERY

10        1.   Applicable Law

11        If the Court decides to rule upon the merits of defendant's

12  motion, defendant's motion should be denied as meritless.  The

13  applicable rule of criminal procedure, Rule 7(f), exists to allow

14  a defendant to obtain sufficient information about the charges in

15  order to (1) prepare a defense, (2) avoid prejudicial surprise at

16  trial, and (3) plead an acquittal or conviction as a bar to

17  another prosecution for the same offense when the indictment is

18  too vague and indefinite to protect him.  United States v. Ayers,

19  924 F.2d 1468, 1483 (9th Cir. 1991).

20        A bill of particulars is therefore not appropriate when the

21  indictment informs defendant of the charges against him.  See

22  United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) ("To

23  the extent that the indictment . . . itself provides details of

24  the alleged offense, a bill of particulars is, of course,

25  unnecessary.") (citations and internal quotation marks omitted);

26  United States v. Robertson, 15 F.3d 862, 873 (9th Cir. 1994) ("A

27  bill of particulars was not necessary in this case because the

28

10

1  indictment apprised Robertson of the specific charges against

2  him, thereby minimizing the danger of surprise at trial[.]"),

3  rev'd on other grounds by 514 U.S. 669 (1995); United States v.

4  Federbush, 625 F.2d 246, 252 (9th Cir. 1980) ("The superseding

5  indictment was sufficiently detailed to tell the defendants the

6  essential facts of the crimes with which they were charged and

7  thus to obviate the need for a bill of particulars."); United

8  States v. Dreitzler, 577 F.2d 539, 553 (9th Cir. 1978) ("There

9  was no abuse of discretion here inasmuch as the indictment was

10  adequate to allow Dreitzler to prepare his defense.").

11      Moreover, the Ninth Circuit has repeatedly held that "[f]ull

12  discovery also obviates the need for a bill of particulars."

13  Giese, 597 F.2d at 1180; see also Ayers, 924 F.2d at 1484

14  (upholding the denial of the motion for a bill of particulars

15  because of the information alleged in the indictment combined

16  with the "significant amount of discovery"); United States v.

17  Long, 706 F.2d 1044, 1054 (9th Cir. 1983) ("Full disclosure will

18  obviate the need for a bill of particulars."); United States v.

19  Buckner, 610 F.2d 570, 574 (9th Cir. 1979) (same); United States

20  v. Drebin, 557 F.2d 1316, 1325 (9th Cir. 1977) (same); United

21  States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973) (same).

22      In addition, a defendant may not use a bill of particulars

23  to obtain more information than required by discovery rules.

24  Giese, 597 F.2d at 1180; Cooper v. United States, 282 F.2d 527,

25  532 (9th Cir. 1960) ("Rule 7(f) . . . should not be invoked to

26  bring about a result prohibited in effect by Rule 16") ("The bill

27  of particulars here does not ask that the charge be

28

particularized.  All that is asked here is disclosure of

evidence."); <u>see also</u> <u>Fredrick v. United States</u>, 163 F.2d 536,

545 (9th Cir. 1947) (upholding the denial of a bill of

particulars because "[i]t is clear that the appellants are, in

reality, objecting that the information did not set forth

evidentiary matters.  It is hornbook law, however, that neither

an indictment nor an information need descend to such minutiae");

<u>Morgan v. United States</u>, 380 F.2d 686, 698 (9th Cir. 1967)

(holding that a bill of particulars "does not entitle a defendant

to explore at will all evidence the government may hold against

him"); <u>United States v. Bryson</u>, 16 F.R.D. 431, 436 (N.D. Cal.

1954) (holding that the defendant is not entitled to "force the

Government to spread before the accused the entire case.  Such is

not the function of a bill of particulars.") (internal quotation

marks omitted).[8]

　　　Thus, where a defendant seeks to use a bill of particulars

as a discovery device, courts routinely deny the motion.  The

Ninth Circuit has regularly stated that:

　　　[a] defendant is not entitled to know all the <u>evidence</u> the

---

[8]　<u>See also</u> <u>United States v. Kilrain</u>, 566 F.2d 979, 985 (5th
Cir. 1978) ("A defendant should not use the Bill of Particulars
to obtain a detailed disclosure of the government's evidence
prior to trial[.]") (citation and internal quotation marks
omitted); <u>United States v. Pottorf</u>, 769 F. Supp. 1176, 1182 (D.
Kan. 1991) ("In reviewing the defendant's request, the court
finds that the defendant's motion should be denied because he is
merely seeking disclosure of the evidentiary details of the
government's case."); <u>United States v. Wilson</u>, 565 F. Supp. 1416,
1439 (S.D.N.Y. 1983) (upholding the denial of a bill of
particulars where the request "appears to be nothing more than a
request for the government's trial strategy, including the
precise manner it intends to introduce evidence . . ."),
<u>overruled on other grounds</u>, <u>United States v. Reed</u>, 773 F.2d 477,
485 (2d Cir. 1985).

government intends to produce but only the <u>theory</u> of the
government's case.

<u>United States v. Ryland</u>, 806 F.2d 941, 942 (9th Cir. 1986)

(emphasis in original); <u>Giese</u>, 597 F.2d at 1181; <u>Yeargain v.
United States</u>, 314 F.2d 881, 882 (9th Cir. 1963).

Similarly, in <u>Giese</u>, the defendant sought a bill of
particulars on how each of the overt acts contributed to the
conspiracy, how certain alleged conspirator statements were made
in furtherance of the conspiracy, and requested a list of
conspiratorial acts performed by each conspirator.  The Ninth
Circuit noted that "there is no requirement in conspiracy cases
that the government disclose even all the overt acts in
furtherance of the conspiracy." <u>Giese</u>, 597 F.2d at 1180
(citations omitted).  The Court of Appeals then affirmed the
district court's denial of the motion, stating:

> Appellant's request for the 'when, where, and how' of every
> act in furtherance of the conspiracy was equivalent to a
> request for complete discovery of the government's
> evidence, which is not a purpose of the bill of
> particulars.

<u>Giese</u>, 597 F.2d at 1181.[9]

---

[9]  <u>See also</u> <u>Todorow v. United States</u>, 173 F.2d 439, 448 (9th
Cir. 1949)(upholding the denial of a motion for a bill of
particulars that "requested information as to the names of the
persons to whom the forms, mentioned in the indictment, were
given, the time, place, and persons present, and the exact
language of each application and purchase form involved. . . .
[T]he motion called for evidentiary matters[.]"); <u>Nye & Nissen v.
United States</u>, 168 F.2d 846, 851 (9th Cir. 1948) ("The
information requested, however, appears to concern only the
details of the evidence which was to be relied upon by the
government in support of its charges: the times, places and
persons involved in various evidentiary transactions, etc. . . .
Although it may be true that defendants could not have known in
advance of trial what various facts and circumstances were to be
relied upon by the government as proof of the alleged conspiracy,
. . . [t]he government should not be compelled by a bill of

13

In the Supreme Court case of <u>Wong Tai v. United States</u>, 273 U.S. 77 (1927), a defendant charged with conspiracy filed a motion for a bill of particulars seeking to have the government set forth with particularity a variety of specific facts with respect to the overt acts alleged in the indictment, including times, places, names, instrumentalities used and the manner in which and circumstances under which the various acts had been committed.   The trial court denied the bill on the ground that it sought complete discovery of the government's case with reference to the overt acts alleged in the conspiracy, and the Supreme Court held the denial to have been a proper exercise of discretion.   <u>Wong Tai</u>, 273 U.S. at 82.

In <u>United States v. DiCesare</u>, 765 F.2d 890 (9th Cir. 1985), the Ninth Circuit upheld denial of a motion for a bill of particulars for the following evidentiary details:

> [Defendant's] requested a bill for three reasons:   (1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity.  These reasons, however, do not warrant a bill of particulars.

particulars to make a complete discovery of its entire case.") (citation and internal quotation marks omitted), <u>aff'd on other grounds</u>, 336 U.S. 613 (1949); <u>United States v. Jimenez</u>, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) ("Because a bill of particulars serves merely to inform a defendant of the nature of the charge, it is not to be used as a general investigative tool for the defense[.] . . . Accordingly, the Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence . . . . The defendant also requests the 'whens' 'wheres' and 'with whoms' of acts and participation in the charged conspiracy.  Pretrial motions for such information are routinely denied.  Furthermore, disclosure of all of the overt acts in furtherance of the conspiracy . . . is not properly the function of a bill of particulars.") (citations omitted).

14

Id. at 897 (citations omitted). See also Giese, 597 F.2d at 1180
(defendant not entitled to wide range of information such as
lists of conspiratorial acts performed by each person named in
the indictment, and which statements created the conspiracy);
Rubio v. United States, 22 F.2d 766, 767 (9th Cir. 1927) ("To
require the government to set forth every act tending to connect
each of the parties charged with conspiracy, and every act
committed by each of the parties in furtherance of the object of
the conspiracy, would be to require it to make a complete
discovery of its entire case."); United States v. Butler, 822
F.2d 1191, 1193-94 (D.C. Cir. 1987) (defendant not entitled to
more specific information about times and places of defendants
entry and exit into conspiracy than already provided, namely the
general period in which defendant made fraudulent loans); United
States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) (bill
of particulars may not be used to compel the government to
provide facts regarding the existence and formation of a
conspiracy nor to provide all overt acts which may be proven at
trial).  A bill of particulars is also not a means by which to
identify government witnesses.  United States v. Calabrese, 825
F.2d 1342, 1347 (9th Cir. 1987) (defendant not entitled to bill
of particulars identifying government witness); United States v.
Anderson, 799 F.2d 1438, 1442 (11th Cir. 1986) (defendant not
entitled to bill of particulars listing government witnesses or
unindicted co-conspirators); United States v. Pena, 542 F.2d 292
(5th Cir. 1976) (defendant may not use motion for bill of
particulars to obtain list of government witnesses); United

1   States v. Johnson, 504 F.2d 622 (7th Cir. 1974) (same).

2   Moreover, courts have recognized that the filing of a bill

3   of particulars poses the very real danger of limiting the

4   government's presentation of its case by restricting its proof to

5   evidentiary matters furnished in the bill.  See United States v.

6   Murray, 297 F.2d 812, 819 (2d Cir. 1962); United States v. Lewis

7   Food Co., 236 F. Supp. 849, 853 (S.D. Cal. 1964).  For this

8   reason, a bill of particulars is "not intended to give a preview

9   of the case or unduly restrict the government" at trial.  United

10  States v. Young & Rubicam, Inc., 741 F. Supp. 334, 349 (D. Conn.

11  1990) (collecting cases).  To the contrary, the government "may

12  not be compelled to provide a bill of particulars disclosing the

13  manner in which it will attempt to prove the charges, the precise

14  manner in which the defendant committed the crimes charged, or a

15  preview of the government's evidence or legal theories."  United

16  States v. Ojeikere, 299 F. Supp.2d 254, 261 (S.D.N.Y. 2004).

17      2.   Defendant Is Not Entitled To A Bill of Particulars

18  Defendant claims that a bill of particulars is necessary

19  because the section 846 charge set forth in the Second

20  Superseding Indictment does no more than "parrot[] the language

21  of the statute" and fails to provide defendant with sufficient

22  notice of the charges against him to allow him to prepare a

23  defense.  (Defendant's Motion p. 7).  Defendant's claim is

24  patently unfounded.  As detailed above and as is both plainly and

25  immediately evident upon even the most cursory review of the

26  Second Superseding Indictment, the section 846 count in which

27  defendant is charged does far more than parrot the single

28

16

1   sentence that comprises section 846.[10]   Set forth over more than

2   two dozen pages of text, the applicable count describes in

3   significant detail the nature of the conspiracy, the parties to

4   the conspiracy and their respective roles, the objects of the

5   conspiracy, the means and methods through which the objects of

6   the conspiracy were accomplished and more than 150 overt acts

7   committed by the various co-conspirators, including defendant, in

8   furtherance of the conspiracy.   While the Second Superseding

9   Indictment, standing alone, more than adequately satisfies the

10  notice provisions necessary to allow defendant to prepare a

11  defense to the section 846 offense with which he is charged, the

12  government has further supplemented this notice through the

13  production of extensive discovery relating to this charge.

14  Where, as in this case, a detailed indictment and the

15  government's discovery provide the defendant with far more than

16  fair notice of the charge against him, there simply is no legal

17  basis that would justify the issuance of a bill of particulars.

18       In reality, defendant is not seeking adequate notice of the

19  charge against him so that he can prepare a defense; instead, he

20  is seeking an order that would force the government, in a pre-

21  trial setting, to map-out for defendant the precise manner

22  through which the government will establish defendant's guilt and

23  the guilt of other co-conspirators at trial.   The government,

24  however, is not required to provide the defense with its entire

25  _____

26       [10]    In its entirety, section 846 states "[a]ny person who
    attempts or conspires to commit any offense defined in this
27  subchapter shall be subject to the same penalties as those
    prescribed for the offense, the commission of which was the
28  object of the conspiracy."

                              17

1  case in all of its minute details, nor may the government

2  properly be compelled to disclose in advance of trial how it

3  analyzes all of the evidence on which it will rely to prove the

4  charges alleged in the indictment.   This is particularly true

5  when the count at issue is a conspiracy charge, much less a

6  section 846 charge for which no overt acts need to be either

7  alleged or proved.   See, e.g., Wong Tai, 273 U.S. at 82 (times

8  and names not proper subject of bill of particulars); DiCesare,

9  765 F.2d at 897-98 (exact beginning date of conspiracy and names

10  of unknown coconspirators not proper subject of bill of

11  particulars); Giese, 597 F.2d at 1180-81 (details of "when,

12  where, how" for conspiracy is not proper subject of bill of

13  particulars).

14      Simply stated, defendant's motion seeks information that

15  falls well outside the proper parameters of Rule 7(f).   As such,

16  defendant's motion for a bill of particulars should be denied.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

1                                    III.

2                               CONCLUSION

3          For the foregoing reasons, the Court should deny defendant's

4    request for a bill of particulars as untimely, or, in the

5    alternative, deny defendant's request because the Second

6    Superseding Indictment and the discovery thus far produced

7    sufficiently inform defendant of the charges against him.

8

9    DATED: November 13, 2009          Respectfully submitted,

10                                     GEORGE S. CARDONA
                                       Acting United States Attorney
11
                                       CHRISTINE C. EWELL
12                                     Assistant United States Attorney
                                       Chief, Criminal Division
13

14                                     _____
                                       KEVIN M. LALLY
15                                     BRIAN R. MICHAEL
                                       NILI T. MOGHADDAM
16                                     Assistant United States Attorneys

17                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
18

19

20

21

22

23

24

25

26

27

28

                                     19