JEFF DOMINIC PRICE, Esq.
Attorney at Law    SBN 165534
1335 4th Street
Santa Monica, California 90401
TEL   310.776.8650
FAX   310.728.1705
jeff.price@mac.com

Attorney for Defendant Edi Pineda Rivas

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:07-CR-1172-DDP-16 |
|---|---|
| Plaintiff, | REPLY TO OPPOSITION TO MOTION FOR A BILL OF PARTICULARS |
| vs. | |
| SERGIO PANTOJA et al., | PLACE:   Courtroom 3 |
| Defendants. | DATE:    November 24, 2009 |
|  | TIME:    2:00 p.m. |
|  | TRIAL DATE: February 2, 2010 |

TO:   The Clerk of the Above-Entitled Court and to the plaintiff, the United States of America, and its Attorneys of Record:

DEFENDANT respectfully files the following reply to the Opposition to Motion for Bill of Particulars [Opposition].

Dated: November 24th, 2009        Respectfully submitted,
                                  //s//
                                  _____
                                  JEFF DOMINIC PRICE
                                  Attorney for Defendant Edi Pineda Rivas

------------------------------------------------------------------------
1 -   **REPLY TO OPPOSITION TO MOTION FOR BILL OF PARTICULARS**

REPLY TO OPPOSITION TO MOTION FOR BILL OF PARTICULARS

**I.   The overt acts do not allege a conspiracy on the part of Mr. Rivas.**

In the Opposition the government states that the original Indictment [October 18, 2007, Indictment] includes "a dozen overt acts (45, 67, 68-70, 72-73, 135-36, 138, 157-58) expressly addressing defendant's interactions with, and involvement in, the drug trafficking conspiracy." Opposition 7, ll. 17-20. However, these adventitious overt acts do not constitute allegations sufficient to allege that Mr. Rivas was a member of the conspiracy.

Overt Act 45 in the October 18, 2007, Indictment does not describe any act done by Mr. Rivas; it describes other defendants "discuss[ing]" collecting rent from Mr. Rivas.

Similarly, Overt Act 67 obliquely describes alleged acts done by Mr. Rivas by describing a December 3, 2006, telephone conversation between two conspirators "using coded language," in which Mr. Rivas is described as having engaged in drug sales "without [the] authorization" of the CLCS subset of the 18th Street criminal street gang [CLCS].

Overt Acts 68-70 similarly describe – obliquely, in the context of a December 3, 2006, telephone conversation between conspirators and not involving Mr. Rivas – acts of violence being perpetrated against Mr. Rivas by conspirators on behalf of the CLCS criminal street gang.

Overt Acts 72-73, contained in the October 18, 2007, Indictment, also describe the actions of persons other than Mr. Rivas –who are identified with the CLCS – that indicate that they are controlling Mr. Rivas.

Overt Act 135 describes a December 27, 2006, telephone conversation between two CLCS conspirators in which the collection of money from Mr. Rivas is mentioned.

Only Overt Acts 157 and 158 describe affirmative acts done by Mr. Rivas and only acts done by Mr. Rivas on June 6 and June 8, 2007.

**II.     The volume of disclosures made alone makes the motion timely.**

In the Opposition the government contends that the Motion for a Bill of Particulars is untimely. Opposition 9. However, this argument is undermined by the fact of the volume and nature of the information that the government has disclosed in this case, as described in the Opposition. *See* Opposition 9-14.

**III.    Mr. Rivas is entitled to disclosure of the theory of the prosecution.**

As is conceded by the government (Opposition 13, l. 1), Mr. Rivas is entitled to notice of the theory of the prosecution. *United States v. Ryland,* 806 F.2d 941, 942 (9th Cir. 1986). The indictments do not satisfy this requirement; nor does the extreme amount of disclosures released by the government. Mr. Rivas is named as a participant in only two (2) of the ninety-six (96) overt acts.

Specifically, the SSI alleges:

"(95) On June 6, 2007, defendants DIAZ, GONZALES and RIVAS possessed and distributed crack cocaine in CLCS Organization territory;

(96) On June 8, 2007, defendants DIAZ and RIVAS possessed and distributed crack cocaine in CLCS Organization territory."

SSI p. 72. A review of telephone conversations reveals that it appears that Mr. Rivas is not a party to any telephone conversation. Parts of the indictment suggest that Mr. Rivas paid "taxes" to the CLCS organization for "authorization" to distribute crack cocaine within the "territory" of CLCS. However, nowhere in the indictments or in the discovery is the actual theory underlying this conjecture revealed.

**IV.    <u>U.S. v. W. R. Grace</u> abrogates caselaw cited by the government.**

The Opposition states that "[a] bill of particulars is also not a means by which to identify government witnesses." Opposition 15, ll. 19-20. However, in *United States v. W. R. Grace,* 526 F.3d 499 (9th Cir. 2008) (*en banc*), the Court of Appeals overruled *United States v. Hicks,* 103 F.3d 837 (9th Cir. 1996) and stated that a "witness disclosure order directed to the government is within the district

court's discretion to impose and enforce." *W. R. Grace,* 526 F.3d at 509. Although *W. R. Grace* did not deal with a bill of particulars, the caselaw cited by the government for the proposition that a defendant is not entitled to a list of government witnesses is abrogated by the decision in *W. R. Grace.* One of the purposes of a bill of particulars is to "minimize the danger of surprise at trial." *United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir. 1984).

Denial of a bill of particulars setting forth the names of the participants in the conspiracy will undoubtedly result in unfair surprise witnesses being presented at trial.

**Conclusion**

Mr. Rivas requests entry of an order requiring the government to:

1. File a bill of particulars in connection with Count Two detailing (A) all overt acts taken in support of the alleged conspiracy, (B) the participants in each of the overt acts, including, whether the actor was a principal or an aider and abettor, (C) describing when the conspiracy was formed, (D) what the objects of the conspiracy were, and (E) the details of the Government's theory regarding the aforementioned; and

2. File a bill of particulars in connection with Count Two that (a) lists each and every overt act knowingly participated in by Edi Pineda Rivas that the government claims are evidence of the alleged conspiracy, including any alleged agreements made by Edi Pineda Rivas in furtherance of the alleged conspiracy, (b) lists each and every overt act that the government claims Mr. Rivas had knowledge of, and (c) sets forth the means and manner by which Mr. Rivas contributed to the acts identified in response to subparagraphs (a) and (b).

Dated: November   24th  , 2009 Respectfully Submitted,

//s//
JEFF DOMINIC PRICE  SBN 165534
Attorney for Defendant Edi Pineda Rivas

4 -   REPLY TO OPPOSITION TO MOTION FOR BILL OF PARTICULARS