JEFF DOMINIC PRICE, Esq.
Attorney at Law     SBN 165534
1335 4th Street
Santa Monica, California 90401
TEL   310.776.8650
FAX   310.728.1705
jeff.price@mac.com

Attorney for Defendant Edi Pineda Rivas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:07-CR-1172-DDP-16 |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND MOTION TO SEVER TRIALS |
| vs. | |
| SERGIO PANTOJA et al., | PLACE:   Courtroom 3<br>DATE:    October 26, 2009 |
| Defendants. | TIME:    3:00 p.m. |
| | TRIAL DATE: February 2, 2010 |

TO:   The Clerk of the Above-Entitled Court and to the plaintiff, the United States of America, and its Attorneys of Record:

PLEASE TAKE NOTICE that on January 11, 2010, at 3:00 p.m., or as soon as counsel may be heard, in the courtroom of the Honorable Dean D. Pregerson, United States District Judge, 312 N. Spring Street, Los Angeles, California, Defendant Edi Pineda Rivas, by and through his attorney of record, Jeff Price, will request of this Court an order severing the trial of Mr. Rivas from those of his codefendants.

This motion is made pursuant to pursuant to Rule 14(a), Federal Rules of Criminal Procedure, and is based on the accompanying Memorandum of Points and Authorities, the Fifth, Sixth, and Eighth Amendments to the United States Constitution, all other applicable constitutional, case and statutory law, all

pleadings and memoranda previously filed in this case, and any argument adduced at the hearing on January 11, 2010.

                                      Respectfully submitted,

Dated: December 21st, 2009     //s//
                                      JEFF DOMINIC PRICE
                                      Attorney for Defendant Edi Pineda Rivas

2 -   NOTICE OF MOTION AND MOTION TO SEVER TRIALS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. **Statement of the Case**

The Second Superceding Indictment [SSI], filed on May 28, 2009, includes 31 counts. In Count One of the SSI, thirty-nine defendants are charged with participation in a RICO conspiracy, consisting of at least 236 racketeering acts.

The SSI (correctly) does not allege that Mr. Rivas is a member of the "CLCS Organization" racketeering enterprise. SSI p. 4, ¶ 1. Mr. Rivas is not charged in Count One. Nor is Mr. Rivas charged in any of the other 30 counts in the SSI, save Count Two.

Count Two of the SSI charges Mr. Rivas and twenty other defendants with participation in a narcotics conspiracy consisting of at least 96 overt acts spanning a period of 18 months and involving other, alleged unindicted coconspirators. Mr. Rivas is named as a participant[1] in only two (2) of the ninety-six (96) overt acts.

Specifically, the SSI alleges:

> "(95) On June 6, 2007, defendants DIAZ, GONZALES and RIVAS possessed and distributed crack cocaine in CLCS Organization territory;
> (96) On June 8, 2007, defendants DIAZ and RIVAS possessed and distributed crack cocaine in CLCS Organization territory."

SSI p. 72.

The SSI also includes numerous Violent Crime in Aid of Racketeering counts in addition to money laundering counts, each of which contain a set of overt acts. The government has filed or has signaled its intent to file notices of intent to seek the death penalty against several defendants who made initial appearances in the case since the filing of the SSI.

The government has provided disclosures over a period of more than two years, from September 2007 through November 2009. The defense has carefully

---

[1] Mr. Rivas is mentioned as an object of the actions of other persons in approximately 5 other overt acts.

reviewed the Indictment, disclosures, and plea agreements of his co-defendants to become apprised of the charges against Mr. Rivas.

II. **Argument**

   A. **Severance is Authorized to Prevent Prejudicial Joinder**

Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.

The inquiry administered in the Ninth Circuit into the prejudicial effect of a joint trial involves consideration of several factors, including whether a joint trial would "compromise a specific trial right" of the defendant. *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004), citing *United States v. Baker*, 10 F.3d 1374, 1387-89 (9th Cir. 1993) (overruled on other grounds by *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). Here, the specific right that will be compromised if Mr. Rivas is not severed for trial is his right to a speedy trial as guaranteed by both the Sixth Amendment and the Speedy Trial Act.

   B. **The Right to a Speedy Trial Will be Denied Unless Mr. Rivas is Severed from Codefendants**

The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." Although the Constitution does not specify a time period in which a trial must occur, the Supreme Court of the United States has ruled that the question of whether a defendant's right to a speedy trial has been violated is evaluated by applying a balancing test involving the following four factors: (1) the length of the delay; (2) the prejudice to the defendant; (3) the reason for the delay; and (4) the defendant's assertion of his right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The threshold issue in the Barker analysis is the length of the delay. The remaining factors are considered only after the length of trial delay is sufficiently long to give rise to the presumption of prejudice to the defendant. *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003); *Barker*, 407 U.S. at 530.

The Ninth Circuit has recognized that courts generally find that "delays approaching one year are presumptively prejudicial." *Gregory, supra,* at 1161-62, citing *Doggett v. United States*, 505 U.S. 647, 652 n. l (1992). Delay is measured from indictment to the time of trial. *Id*. at 1162, citing *United States v. Sears, Roebuck, Co*., 877 F.2d 734, 739 (9th Cir. 1989).

Once this threshold presumption is established, the remaining Barker factors are considered to determine whether the defendant's Sixth Amendment right to a speedy trial has been violated. Of these, the "critical" factor is the showing that the defendant will experience prejudice as a result of the delay. *Gregory*, *supra,* 322 F.3d at 1162. Three forms of actual prejudice are typically demonstrated: (1) oppressive pretrial incarceration; (2) the possibility that the defense of the accused will be impaired by the delay; and (3) anxiety and concern of the accused while awaiting trial. *Id*. at 1163, citing *Doggett*, 505 U.S. at 654. Absent an order of severance from his co-defendants, Mr. Rivas will experience severe prejudice in the form of oppressive pretrial incarceration and anxiety and concern while awaiting trial, in addition to the possibility that the defense will be impaired by further delay.

1. **Mr. Rivas will suffer Prejudice from Excessive Pre-Trial Incarceration if Severance is not Granted**

Despite the fundamental presumption that he is innocent of the charges against him, Mr. Rivas has been ordered detained pending trial in this matter. As of the date of the hearing on this motion he will have completed his twentieth month in prison.

In *Barker* the Supreme Court stated:

> [T]he disadvantages for the accused who cannot obtain his release are even more serious. The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time . . . Imposing those consequences on anyone who has not yet been convicted is serious.

407 U.S. at 532-33.

An extension of his pretrial incarceration will result only in further violation of Mr. Rivas's constitutional right to a speedy trial. As noted in *Baker,* the Sixth Amendment speedy trial guarantee is "rendered toothless" when a verdict is not returned until years after an indictment, forcing the defendant[s] to endure "months or even years of incarceration while they are presumed, and may in fact turn out to be, innocent." *Baker, supra,* 10 F.3d at 1390.

2. **Mr. Rivas will experience Prejudicial Anxiety and Concern in the event that Severance from Co-defendants is not Granted**

The Ninth Circuit, in *Gregory,* identified the "anxiety and concern of the accused" as the third typically demonstrated form of prejudice resulting from delays in bringing a criminal matter to trial. 322 F. 3d at 1163, citing *Doggett,* 505 U. S. at 654. Mr. Rivas will continue to experience frustration, anxiety and concern at each passing day until he is able to confront his accusers at trial.

3. **Mr. Rivas will likely be Prejudiced by the Erosion of his Ability to Present a Defense in the event that Severance is not Granted**

One of the most serious potential prejudices resulting from a delay in bringing a defendant to trial is the possibility that the defense of the accused will be compromised by the passage of time, as "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker,* 407 U.S. at 532. The possible prejudices to a defense resulting from excessive pre-trial delay are myriad: witnesses become unavailable due to death or disappearance, tangible

evidence is lost or destroyed, memories of distant events grow feint and inaccurate with time.

It is, of course, impossible to identify with specificity what additional exculpatory evidence will become unavailable or unreliable from a delay in bringing Mr. Rivas to trial. The Supreme Court has recognized that the loss of exculpatory evidence and testimony resulting from trial delay "can rarely be shown," and thus has provided that "consideration of prejudice is not limited to the specifically demonstrable" and that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett,* 505 U.S. at 655. To prevent such presumptive, predictable, and irreparable harm, Mr. Rivas's trial should be severed from that of his co-defendants.

    4.    **The Other *Barker* Factors Support a Finding that Mr. Rivas will be Deprived of the Right to a Speedy Trial in the event that Severance is not Granted**

The remaining factors set forth in the *Barker* analysis, i.e., the reason for the delay and the defendant's assertion of his right to a speedy trial, also weigh in favor of a finding that Mr. Rivas's constitutional right to a speedy trial will be violated if he is not severed for trial from his co-defendants.

The expected delay in bringing Mr. Rivas to trial if severance is not granted is attributable entirely to the government's preference for one trial encompassing all capital and non-capital co-defendants, which intrinsically results in a conflict between those defendants wishing to exercise their right to a speedy trial and those requiring lengthy intervals to undertake the litigation that accompanies federal capital proceedings. A joint trial of these diverse parties is not necessary to effectuate justice in the matter before the Court and the continued deprivation of a speedy trial cannot be justified by the government's desire to realize the perceived prosecutorial advantages of a joint trial.

Additionally, Mr. Rivas has not acceded to the previous requests of the prosecution and co-defendants for a delay in the trial. The Ninth Circuit has concluded that the prompt assertion of the speedy trial right weighs, at least slightly, in the defendant's favor for purposes of the *Barker* analysis. *Gregory, supra,* 322 F.3d at 1162.

### C. Failure to Sever Mr. Rivas from Codefendants will Result in a Violation of his right to a Speedy Trial under the Speedy Trial Act

In addition to his rights under the Sixth Amendment, Mr. Rivas will suffer further violation of his statutory right to a speedy trial if he is denied severance from his co-defendants.

The Speedy Trial Act requires that a defendant's trial commence within 70 days of the later of the filing of an indictment or the defendant's first appearance before the court in which charges are pending. *See* 18 U.S.C. § 3161(c)(1). This rule is tempered by the Speedy Trial Act's exclusion from the 70-day calculation of certain periods of time, including "reasonable delays resulting from the joinder of a defendant with a codefendant whose 70-day period has yet to run." *United States* v. *Messer,* 197 F.3d 330, 336 (9th Cir. 1999); citing 18 U.S.C. § 3161(h)(7). It is also well established that an exclusion of time from the 70-day calculation for one defendant applies to all co-defendants. *Id.*

Mr. Rivas is cognizant, and respectful, of the fact that this Court has over his objection ordered several continuances and exclusions of time to allow for the needs of his co-defendants and the mechanics of the federal capital process. He submits, however, that the length of the anticipated delays in this matter, with the resulting prejudice to his defense and his personal liberty, render further such continuances unreasonable under the Speedy Trial Act.

In *United States* v. *Hall,* the Ninth Circuit concluded that the reasonableness of a delay in bringing a defendant to trial would be determined on a case by case basis. 181 F.3d 1057, 1062 (9th Cir. 1999). *See also, Messer,* 197 F.3d at 337. The

court examines (1) "whether the delay was necessary to achieve its purpose" and (2) whether there was any "actual prejudice" suffered by the defendant. *Messer,* 197 F.3d at 337, *quoting Hall,* 181 F.3d at 1062.

Moreover, the analysis articulated in *Hall* as to whether or not a trial delay is reasonable under the Speedy Trial Act "does not foreclose the consideration of other factors" in addition to the necessity of the delay and prejudice to the defendant. *Messer,* 197 F.3d at 338. Applying such additional factors to the case before them, the *Messer* court noted that the "sheer length of the delay and Appellants' consistent assertions of their right to a speedy trial" also weighed in favor of finding a trial delay unreasonable. *Id* at 338, quoting *United States* v. *Davenport,* 935 F.2d 1223, 1236 (11th Cir. 1991). In *Messer,* nearly 21 months elapsed from the indictment of the defendants to the commencement of trial. Disregarding time that was excludable from the speedy trial calculation on other grounds, the Ninth Circuit observed that "there still remains an entire year that the district court found excludable under § 3161 (h) (7) for the purpose of waiting [for a co-defendant to be available for trial]." 197 F.3d at 338-39.

Mr. Rivas respectfully requests that the Court prevent further prejudice to his defense and impairment of his liberty, sever him from his codefendants, and allow him to proceed to trial.

III. **Conclusion**

To require Mr. Rivas to wait years for his opportunity to contest criminal charges of which he is presumed innocent would violate his right to a speedy trial under both the Speedy Trial Act and the Sixth Amendment of the Constitution. Mr. Rivas requests that he be severed from his co-defendants so that he may proceed to trial at the earliest possible opportunity.

Dated: December 21st, 2009   Respectfully Submitted,

//s//
JEFF DOMINIC PRICE  SBN 165534
Attorney for Defendant Edi Pineda Rivas